NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: AMAZON.COM, INC., RESIDEO TECHNOLOGIES, INC., HTC CORPORATION, VECTOR SECURITY, INC.,**
*Petitioners*

---

2019-125

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 4:18-cv-00474-ALM, Judge Amos L. Mazzant III.

---

**ON PETITION**

---

Before PROST, *Chief Judge*, O'MALLEY and REYNA, *Circuit Judges*.

REYNA, *Circuit Judge*.

## O R D E R

Petitioners Amazon.com, Inc. et al. seek a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer this case to the United States District Court for the Eastern District of Virginia.

In July 2018, Virginia Innovation Sciences, Inc. (VIS) sued Petitioners for patent infringement in the Eastern District of Texas. Petitioners moved to transfer these cases

to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). On July 15, 2019, the district court issued an order denying Petitioners' motions to transfer. The court subsequently held a Markman hearing on August 28, 2019 and issued its claim construction memorandum opinion and order on September 9, 2019. A week after that ruling, Petitioners filed this petition for a writ of mandamus.

The grant of mandamus is a discretionary and equitable remedy. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004); *United States v. Dern*, 289 U.S. 352, 359 (1933). Petitioners have not made a compelling showing that the Eastern District of Virginia is a more convenient forum, particularly in light of the fact that no Petitioner is headquartered in that district and Petitioners fail to identify any of their own employees with relevant information who live in that district. The district court also considered and rejected Petitioners' argument that judicial economy should weigh in favor of transfer based on VIS's prior cases in the Eastern District of Virginia, and we are not prepared to disturb that determination on mandamus. In these circumstances, we find that mandamus is not an appropriate remedy.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

October 9, 2019                  /s/ Peter R. Marksteiner
       Date                          Peter R. Marksteiner
                                     Clerk of Court

s32